SAMUEL CALHOUN, PLAINTIFF IN ERROR,

*v.*

JAMES A. GILLILAND, Administrator, etc.,

DEFENDANT IN ERROR.

When a trial by jury is waived, and trial is had by the Court, the findings may be amended by the Court at any time before judgment.

In case of counter demands between parties, where no application of payments has been made by either party, the Court may make such application, and in a manner to effect equity, if not restrained by the pleadings.

ERROR, to Third Judicial District, holding terms at Seattle.

*C. H. Hanford*, for Plaintiff in error.

The Court having set aside the original findings, a new trial should have been granted, and it was error for the Court to file amended findings in the case, without having first granted a re-hearing to the parties. (Code of Washington, 73, 78.)

A counter claim must be set forth as fully, and must be as complete in itself, as a like cause of action pleaded in a complaint. (Harston's Practice, 204, 207 ; *Quinn* v. *Smith*, 49 Cal. 165 ; *Doyle* v. *Franklin*, 40 Cal. 110 ; *Collins* v *Bartlett*, 44 Cal. 381 ; *Kreichbaum* v. *Melton*, 49 Cal. 55.)

Would be error to render judgment in favor of a plaintiff for a sum greater than the facts alleged in his complaint would warrant. (Harston's Practice, 259 ; *Carpenter* v. *Brenham*, 50 Cal. 550.)

*G. Morris Haller*, and *McNaught, Ferry, McNaught & Mitchell*, for Defendant in error.

The findings of the Court upon the facts shall be deemed a verdict. (Code of Washington, 75, Sec. 247.)

If there is any evidence to sustain the findings, this Court will not weigh it, but will sustain the verdict. (*Morris* v. *Sherrill*, 63 Barbour, 21 ; *Moore* v. *Foster*, 10 B. Monroe, 255 ; *Child* v. *Hugg*, 41 Cal. 519 ; *Livermore* v. *Stone*, 43 Cal. 277 ; *Bassett* v. *United States*, 9 Wallace, 38 ; 1 Graham & Waterman on New Trials, 380, 381, 404, 405 ; 3 Graham & Waterman, 1218 to 1236.)

Where a finding or verdict is for too large a sum, the Court can properly reduce it to the proper sum without granting a new trial. (Proffit on Jury Trials, Sec. 417 ; *Windham* v. *Williams*, 27 Miss. 313 ; *Ranney* v. *Bader*, 48 Mo. 539 ; *Patochi* v. *Central Pacific Railroad Co.*, 52 Cal. 90; *Watson* v. *S. F. & H. B. R. R. Co.*, 50 Cal. 523 ; *Marquard* v. *Wheeler*, 52 Cal. 445 ; *Atherton* v. *Fowler*, 46 Cal. 323; *Matherson's Administrators* v. *Grant's Administrators*, 2 How. U. S. 263 ; Powell on Appellate Pleadings, 150, Sec. 50 ; 395–6.)

The bill of exceptions does not state any specific objections, or assign any ground of exception to the amended findings of the Court below, and therefore the errors claimed cannot be concluded in this Court. (*Burton* v. *Driggs*, 20 Wallace, 425 ; *Camden* v. *Doremus*, 3 How. U. S. 515 ; *Hinde's Lessee* v. *Longworth*, 11 Wheaton, 199; *Stebbins* v. *Duncan*, Supreme Court Reporter, 313; Powell on Appellate Proceedings, 122, Sec. 13; 132, Sec. 26; Code of Washington, 75, Sec. 257 ; *Brewster* v. *Baxter*, W. T. Supreme Court, 1882.)

The Court below has complete control of all proceedings in a cause until the final judgment is entered, and the term adjourned. (*Bassett* v. *United States*, 9 Wallace, 58 ; *Ex parte Savage*, 18 Wallace, 163.)

There is no error in the record ; the plaintiff in error fails to show error, and the Court below is presumed to have found correctly. (Powell on Appellate Proceedings, 129, Sec. 21 ; 128, Sec. 19.)

Opinion by WINGARD, Associate Justice.

This action was brought by the plaintiff to recover a balance claimed to be due to him from the defendants on an account.

The defendant answered by a general denial of all the allegations of the complaint as to the account, and then set up a counter claim for wages earned by Robert Kennedy, deceased, and claimed a balance in his favor.

The cause was, by stipulation, tried by the Court, the evidence having been taken by a referee. The Court having filed his findings of fact, giving a balance in favor of the defendant, a motion for a new trial was filed; upon which the Court set aside his findings of fact, and replaced them by new findings,

whereby a balance was found due to the defendant of less amount than was found before amendment.

This is complained of by plaintiff in error.

No new trial was granted, but the Court only found a different amount to be due to the defendant, and which was less than the first amount found to be due to him, and therefore more favorable to the plaintiff. No authorities need be cited in support of this action of the Court. It was not erroneous.

The Court did not find for the defendant an amount in excess of his counter claim. After a careful review of the testimony, we are not prepared to say that the Court erred in its findings of fact. The judgment of the Court below is affirmed.

Concurring opinion by GREENE, Chief Justice.

Where trial is by the Court, the Court can at any time before judgment amend its findings of fact. So far as the finding of a balance in favor of the defendant is concerned, what the District Court did was this : it so set off against each other the reciprocal demands of the parties, as to effect in the fullest measure justice between them. In order to do justice, it was obliged to some extent to make application of payments where no application thereof had been made by either party. This action of the Court was, we think, the proper and equitable course to pursue under the peculiar state of the pleadings.